IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01779-CNS-SBP

MARVIN PETERSON,

     Plaintiff,

v.

NEWREZ LLC f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing and
MCCARTHEY & HOLTHAUS, LLC,

     Defendants.

---

## ORDER

---

On April 29, 2026, Plaintiff Marvin Peterson filed an Amended Emergency Motion for Temporary Restraining Order, ECF No. 5 (the Motion), and Correction to Amended Emergency Motion for Temporary Restraining Order, ECF No. 8, seeking to enjoin the imminent foreclosure sale of his home located at 14189 Thompson Rd., Paonia, CO, 81428 (the Property), scheduled to occur at 10:00 am that day. That same day, the Court referred the Motion to Magistrate Judge Susan Prose, ECF No. 9, who entered an order staying the litigation, including the sale of the Property, until May 11, 2026, and directing Plaintiff to (1) serve Defendants in this action, and (2) file additional documentation missing from Plaintiff's initial filing, *see* ECF No. 10 at 1–2. After Defendants NewRez LLC f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing and McCarthey

& Holthaus LLC[1] filed a response opposing Plaintiff's requested relief, ECF No. 20, Judge Prose issued a Report and Recommendation of United States Magistrate Judge, recommending that the Motion be denied, ECF No. 21 (the Recommendation). Two days later, Plaintiff filed a reply brief addressing Defendants' response and seeking reconsideration of the Magistrate Judge's Recommendation. ECF No. 22 (the Objection).[2] Today, May 12, 2026, Plaintiff also filed an Urgent Objection to Magistrate Report and Recommendation, asking that the Court reject the Recommendation and enjoin the upcoming foreclosure sale of the Property, now scheduled to occur tomorrow, May 13, 2026. ECF No. 23.[3]

Following the Court's review of the briefing referenced above, as well as the exhibits attached thereto, the Court hereby OVERRULES the Objection, ECF No. 23, AFFIRMS AND ADOPTS the Recommendation, ECF No. 21, and DENIES the Motion, ECF No. 5, and the Correction to the Motion, ECF No. 8, for the reasons set forth below.

---

[1] Defendants state that Plaintiff erroneously named McCarthy & Holthaus, LLC in the case caption and that the firm's correct name is McCarthy & Holthus LLC. *See* ECF No. 21 at 1.

[2] Plaintiff's reply brief was styled as both a "Reply to Response to Motion for a Temporary Order and [a] Motion to Reconsider [the Magistrate Judge's] Ruling." ECF No. 22. This is improper. Under the Local Rules of Practice for the United States District Court for the District of Colorado, "a motion shall be filed as a separate document" and shall "not be included in a response or reply to the original motion." *Weiss v. Vasquez*, No. 21-cv-01533-CNS-NRN, 2023 WL 142531, at *3 (D. Colo. Jan. 10, 2023), *aff'd sub nom. Weiss v. Town of Elizabeth*, No. 23-1042, 2023 WL 6389042 (10th Cir. Oct. 2, 2023) (citing D.C.COLO.LCivR 7.1).

[3] Although styled as "urgent," Plaintiff's counsel fails to explain why he did not file the Objection until the day before the rescheduled foreclosure sale, particularly since he was aware of the new sale date as early as May 5, 2026. *See* ECF No. 20 at 2 (Defendants' response brief, filed on May 5, 2026, states that "the non-judicial foreclosure of the [Property] which was scheduled for April 29, 2026, and *is now set for May 13, 2026*.") (emphasis added). Counsel's delay does not constitute an emergency, and the Court does not condone asking the Court to drop all other pending matters before it and spring into action with less than 24 hours notice when counsel had the better part of a week to prepare his objection. This is particularly true given that counsel has been in contact with Defendant Shellpoint about this issue since at least 2024. *See* ECF No. 20 at 6.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides parties with the opportunity to object to a magistrate judge's order on a non-dispositive pretrial matter, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (district courts "defer to the magistrate judge's ruling" on non-dispositive matters "unless it is clearly erroneous or contrary to law" (citations omitted)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority." *Witt v. Colorado*, No. 22-cv-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023) (quotation marks and citation omitted).

Although the Motion is non-dispositive on its face, the Court acknowledges that Magistrate Judge Prose's decision was issued as a "report and recommendation," and not an order in this instance. *See* ECF No. 21. Accordingly, the Court conducts a *de novo* review of the Recommendation and Plaintiff's Objection thereto. *See, e.g.*, *Northington v. Marin,* 102 F.3d 1564, 1570 (10th Cir. 1996) (*de novo* review requires the Court to "consider the actual testimony or other evidence in the record and not merely [to] review the magistrate's report and recommendations"). In connection with a *de novo* review, a Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

## II.   ANALYSIS

As noted above, Plaintiff's Motion asks that the Court enter a temporary restraining order (TRO) enjoining the foreclosure sale of his Property initiated by Defendants (including his mortgage servicer and their counsel) "until Plaintiff has had a full and fair opportunity to be properly and evaluated for loss mitigation as required by C.R.S. § 38-38-103.1 and C.R.S. § 38-38-103.2 as well as CRS 1024.41." ECF No. 5 at 4.[4]

But "[g]ranting a temporary restraining order is extraordinary relief." *Gess v. USMS*, No. 20-v-01790-PAB-STV, 2020 WL 8838280, at *20 (D. Colo. Dec. 10, 2020), *report and recommendation adopted in part sub nom. Gess v. USMS & 10th Cir. Dist. Ct.*, No. 20-cv-01790-PAB-STV, 2021 WL 423436 (D. Colo. Feb. 5, 2021) (citing *Soskin v. Reinertson*, 260 F. Supp. 2d 1055, 1057 (D. Colo. 2003)). "A party seeking a TRO must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Browne v. City of Grand Junction, Colorado*, 27 F. Supp. 3d 1161, 1165 (D. Colo. 2014) (citing *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009)). The moving party bears the burden of persuasion as to each of the four factors relevant to injunctive relief, *Heideman v. South Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003), and an injunction can issue

---

[4] Although Plaintiff's reply brief and Objection include a request that the Court hold an evidentiary hearing on the Motion, the Court exercises its discretion and declines to do so in light of Plaintiff's failure to carry his burden on the papers. *See, e.g.*, *Lawrence v. Colorado*, 455 F. Supp. 3d 1063, 1066 n.2 (D. Colo. 2020) ("Federal Rule of Civil Procedure 65(a) does not explicitly require that a hearing be held on a preliminary-injunction motion, and whether a hearing should be held is a matter for the Court's discretion.") (citing *Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) for the proposition that "no 10th Cir. authority requires court to hold evidentiary hearing prior to granting or denying preliminary injunction").

only if each factor is established, *see Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23–24 (2008)).

In this case, as the Magistrate Judge correctly noted, Plaintiff has failed to meet his burden and show that such extraordinary relief is warranted, despite being given the opportunity to provide additional documentation in support of his position.[5] ECF No. 21 at 2. Indeed, as noted in the Recommendation, although Plaintiff filed "Exhibits for Motion for Temporary Restraining Order and for Preliminary Injunction Hearing," that filing contained "no memorandum of law, no legal argument, and no explanation connecting any of these exhibits to the well-established requirements for temporary or preliminary injunctive relief under Rule 65—namely, likelihood of success on the merits, threat of irreparable harm, balance of equities, and the public interest," ECF No. 21 at 2 (citing ECF No. 17). That Plaintiff did not believe that the Magistrate Judge's order requesting supporting documentation at ECF No. 10 to require additional "legal briefing," ECF No. 22 at 7, is of no consequence. Counsel should be well aware that if Plaintiff wanted the Court to consider specific documentation in connection with his arguments, he should

---

[5] Initially, Plaintiff requested that the Court grant his Motion be granted *ex parte*. But, as the Magistrate Judge correctly observed, in order to be granted such relief *ex parte*, the moving party must (1) set forth "specific facts in an affidavit . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *See* ECF No. 10 (citing Fed. R. Civ. P. 65(b)(1)). Magistrate Judge Prose determined that Plaintiff failed to provide the documentation required by Rule 65(b)(1) and provided Plaintiff additional time to comply. *See* ECF No. 10. The Court notes that, despite being given this opportunity, however, Plaintiff still failed to timely comply. *See* ECF No. 21 at 2–3. However, this is ultimately not an issue the Court need deal with at this juncture because Defendants have now been served in this action and afforded an opportunity to respond to the Motion.

have included that information in his briefing and directed the Court to specific documents, with pin cites, germane to Plaintiff's request. *See, e.g.*, *Mitchell v. City of Moore,* 218 F.3d 1190, 1199 (10th Cir.2000) ("The district court was not obligated to comb the record in order to make [the plaintiff's] arguments for him.").[6]

Even more important, however, is the fact that the Motion itself also entirely fails to address the TRO factors.[7] In fact, rather than grapple with the standard set forth in Rule 65, "Plaintiff makes no mention of the [TRO] standard in his motion." *Rueb v. Zavaras*, No. 09-cv-02817-REB-MEH, 2011 WL 3035290, at *3 (D. Colo. June 16, 2011), *report and recommendation adopted*, No. 09-cv-02817-REB-MEH, 2011 WL 3035274 (D. Colo. July 22, 2011) (denying Plaintiff's request for a temporary restraining order).[8] This

---

[6] The Court notes that ECF No. 17 includes 10 separate documents totaling nearly 50 pages, and Plaintiff makes no effort to direct the Court to any docketed document, let alone specific page, that it should consider in support of Plaintiff's request. "Judges are not like pigs, hunting for truffles buried in briefs," *Gross v. Burggraf Constr. Co.,* 53 F.3d 1531, 1546 (10th Cir.1995) (quotation omitted), and "[t]he Court has no obligation to scour the record in search of evidence to support any factual assertions," *Lucas v. Off. of Colorado State Pub. Def.*, No. 15-cv-00713-CBS, 2016 WL 9632933, at *5 (D. Colo. Aug. 25, 2016), *aff'd*, 705 F. App'x 700 (10th Cir. 2017 (citing *Gross*, 53 F.3d at 1546). Thus, "where inadequate record citations have been made, the court has ignored them." *Id.*

[7] Plaintiff's reply brief, ECF No. 22 (filed after the Recommendation was issued), also fails to address this deficiency. Indeed, rather than address the TRO factors, Plaintiff's reply brief (like his Objection) only addresses the factors that courts consider when imposing a stay. *See* ECF No. 22 at 5–7 (citing and addressing the factors in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006)); ECF No. 23 at 4–7 (same). But this is insufficient. Plaintiff's Motion did not seek a stay; it sought relief in the form of a TRO. *See* ECF No. 5. Although there is some overlap between the *String Cheese* factors and those considered in connection with a motion for a TRO, they are not the same. *Compare String Cheese*, 2006 WL 894955, *2 *and Denver Homeless*, 32 F.4th at 1277 (citing *Winter*, 555 U.S. at 20)).

[8] This is far from the only deficiency in Plaintiff's briefing or his counsel's litigation practice in this case thus far. As an initial matter, as the Recommendation notes, Plaintiff failed to timely comply with the Magistrate Judge's order requiring service on Defendants by a date certain. *See* ECF No. 21 at 2–3 (citing ECF No. 10). While Plaintiff's counsel attempts to explain away his non-compliance in the Objection and reply brief, numerous other deficiencies pervade his briefing, making it difficult for the Court to appreciate the documentation he submitted. For instance, Plaintiff's briefing references undefined acronyms, *see* ECF No. 22 at 5 (referring to but not defining a "REO scenario"); ECF No. 23 at 4 (same); refers to documents without citation to a specific docket entry, let alone a specific page, *see* ECF No. 22 at 4 (referring to Plaintiff's "verified affidavit" without citation), *id.* at 7 (stating that "Plaintiff asserts that enforcing the terms exactly as

failure alone is sufficient to deny Plaintiff's Motion, and thus the Court denies the Motion on those grounds. *See, e.g., Springer v. Seventh Jud. Dist. Ct.*, No. 1:23-cv-00499-MIS-JMR, 2023 WL 7130541, at *3 (D.N.M. Oct. 30, 2023) ("Plaintiff's Motion wholly fails to identify these factors, much less apply them to the facts of this case (or otherwise address, analyze, or prove them) . . . . As such, it is subject to summary denial.").

However, even briefly considering the TRO factors, the Court notes that such relief is improper because Plaintiff has failed to establish the existence of an irreparable injury that "cannot be compensated after the fact by money damages." *Bath v. Equifax Info. Servs. LLC*, No. 18-cv-00572-PAB-NYW, 2018 WL 7141324, at *1 (D. Colo. June 6, 2018) (citing *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017)). Indeed, Plaintiff seeks monetary damages in connection with this action, ECF No. 1 at 3–4, and as Defendants note, the Motion fails to identify any unique attributes about the Property to support a claim of irreparable harm, *see* ECF No. 20 at 8–9.[9] Failure to put forth evidence of irreparable harm in the first instance constitutes waiver and further supports the Court conclusion that Plaintiff has not met his burden as to the required TRO factors. *See, e.g., Martinez v. CorrHealth, Pro. Ltd. Liab. Co.*, 734 F. Supp. 3d 1190, 1196 n.3 (D.N.M. 2024), *reconsideration denied sub nom. Martinez*, No. 1:22-CV-00288-WJ-

---

written in *these documents* is unconscionable . . ." without identifying or citing the specific documents being addressed) (emphasis added); and fails to cite legal authority in support of various legal proposition, including most notably, the standard required to grant a TRO, as discussed above.

[9] In the reply and the Objection, Plaintiff argues that the litigation stay should be extended because his home is "unique" and was constructed "for his own unique needs." ECF No. 22 at 5; *see also* ECF No. 23 at 4 (same). Even assuming that this could support a finding of irreparable injury, because this argument was not before the Court in the Motion, it was waived. *See, e.g., Collins v. Barela*, No. 21-cv-00863-STV, 2023 WL 2973784, at *6 n.5 (D. Colo. Apr. 17, 2023) ("[A]rguments raised for the first time in a reply brief are generally deemed waived.") (citing *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011)).

7

SCY, 2024 WL 2975846 (D.N.M. June 13, 2024) ("Failure to raise an argument constitutes waiver.") (citing *Anderson v. Spirit AeroSystems Holdings, Inc.*, 827 F.3d 1229, 1238–39 (10th Cir. 2016)). For this additional reason, Plaintiff's request for a TRO fails.

### III.    CONCLUSION

Consistent with the foregoing, the Court hereby OVERRULES the Objection, ECF No. 23, AFFIRMS AND ADOPTS the Recommendation, ECF No. 21, and DENIES the Motion, ECF No. 5, and the Correction to the Motion, ECF No. 8.

DATED this 12th day of May 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

8